J Christopher Jorgensen, Esq.
Nevada Bar No. 5382
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: (702) 949-8200
CJorgensen@LewisRoca.com

Jennifer L. Sarvadi *(pro hac vice forthcoming)*
HUDSON COOK LLP
1909 K Street NW, 4th Floor
Washington, DC 20006
Tel: (202) 223-6930
jsarvadi@hudco.com

*Attorneys for Defendant National Credit Center, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Angel Luis Rodriguez, Jr., individually and as a representative of the class,<br><br>Plaintiff,<br><br>v.<br><br>National Credit Center, LLC,<br><br>Defendant. | Case No. 2:23-cv-00738-RFB-BNW<br><br>**DEFENDANT NATIONAL CREDIT CENTER, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

**DEFENDANT NATIONAL CREDIT CENTER, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant, NATIONAL CREDIT CENTER, LLC ("NCC") with its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Angel Luis Rodriguez, Jr.*,* and in response to the allegations avers as follows:

**INTRODUCTION**

1. NCC states that the Complaint speaks for itself. NCC denies the factual allegations in paragraph 1 of the Complaint.

2. NCC admits that it is a consumer reporting agency with regard to the preparation of consumer reports, as defined by 15 U.S.C. § 1681a(d), which it furnishes to third parties, many of

121262766.1

whom are automobile dealers. NCC denies the remaining allegations of paragraph 2 of the Complaint.

3. NCC denies that the product it offers for OFAC product is a consumer report, as that term is defined under § 1681a(d) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*("FCRA"). The remaining allegations of paragraph 3 of the Complaint purport to cite from a publicly available website, which speaks for itself. NCC denies paragraph 3 of the Complaint to the extent inconsistent therewith.

4. NCC admits that it received several inquiries from Parkway Ford requesting one or more consumer reports and several OFAC product, which inquiries identified the applicant as an "Angel L. Rodriguez," in all but one inquiry, the final inquiry identifying the applicant as "Angel L. Rodriguez, Jr." NCC is without knowledge or information sufficient to answer the remaining factual allegations of paragraph 4 and therefore denies the same.

5. NCC denies that the OFAC product is a consumer report under the FCRA. NCC denies the remaining allegations in paragraph 5 of the Complaint.

6. NCC denies the allegations in paragraph 6 of the Complaint.

7. NCC denies the allegations in paragraph 7 of the Complaint.

8. NCC denies the allegations in paragraph 8 of the Complaint.

9. NCC states the Complaint speaks for itself.

## JURISDICTION

10. The allegations in paragraph 10 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 10 are contrary to law they are denied.

11. NCC admits that it regularly conducts business in the County of Clark, Nevada where it provides its customers a mix of consumer report products and non-consumer report products.

12. NCC admits the allegations in paragraph 12 of the Complaint.

13. NCC admits the allegations in paragraph 13 of the Complaint.

14. NCC admits the allegations in paragraph 14 of the Complaint.

121262766.1

15. NCC admits that various persons in operational leadership work in Clark County, Nevada. NCC denies that any personnel may be held personally liable for any claim alleged in this case.

16. NCC admits that various persons in operational leadership work in Clark County, Nevada. NCC denies that any personnel may be held personally liable for any claim alleged in this case.

17. NCC denies the broad allegations that "other witnesses and documents" are located in Nevada as written.

18. The allegations contained in paragraph 18 of Plaintiff's Complaint refer to a document or website, which speaks for itself. To the extent that the allegations of paragraph 46 vary from the text of that document or website, they are denied. To the extent the allegations in paragraph 18 constitute legal conclusions, no answer is necessary. To the extent those allegations are contrary to law, they are denied.

19. The allegations in paragraph 19 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 19 are contrary to law, they are denied.

**PARTIES**

20. NCC is without sufficient knowledge or information to admit or deny the facts related to Plaintiff's residence referenced in paragraph 20 of the Complaint and therefore denies said allegations.

21. The allegations in paragraph 21 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 21 are contrary to law, they are denied.

22. NCC admits it is incorporated in Delaware and that it provides "credit, identity verification, and compliance solutions" as stated on its website. NCC denies the address provided in the Complaint as accurate and states it has offices located at 7251 West Lake Mead Blvd. Suite 520, Las Vegas, Nevada.

121262766.1

1    23.    NCC admits that it is a consumer reporting agency with regard to the preparation of consumer reports, as defined by 15 U.S.C. § 1681a(d), which it furnishes to third parties. The remaining allegations in paragraph 23 of the Complaint state a legal conclusion to which no response is required. To the extent the allegations in paragraph 23 are contrary to law, they are denied.

**STATUTORY BACKGROUND**

24.    The allegations in paragraph 24 of Plaintiff's Complaint are statements of law, which speak for themselves, or contain legal conclusions related thereto. To the extent those legal statements or conclusions are contrary to law, they are denied.

25.    The allegations in paragraph 25 of Plaintiff's Complaint are statements of law, which speak for themselves, or contain legal conclusions related thereto. To the extent those legal statements or conclusions are contrary to law, they are denied.

26.    The allegations in paragraph 26 of Plaintiff's Complaint are statements of law, which speak for themselves, or contain legal conclusions related thereto. To the extent those legal statements or conclusions are contrary to law, they are denied.

27.    The allegations in paragraph 27 of Plaintiff's Complaint are statements of law, which speak for themselves, or contain legal conclusions related thereto. To the extent those legal statements or conclusions are contrary to law, they are denied.

28.    The allegations in paragraph 28 of Plaintiff's Complaint are statements of law, which speak for themselves, or contain legal conclusions related thereto. To the extent those legal statements or conclusions are contrary to law, they are denied.

29.    NCC denies the allegations of paragraph 29 of the Complaint.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF**

30.    NCC is without sufficient knowledge or information to admit or deny the facts alleged in paragraph 30 of the Complaint, and therefore denies said allegations.

31.    NCC is without sufficient knowledge or information to admit or deny the facts alleged in paragraph 31 of the Complaint, and therefore denies said allegations.

121262766.1

32. NCC is without sufficient knowledge or information to admit or deny the facts alleged in paragraph 32 of the Complaint, and therefore denies said allegations.

33. NCC admits that it received an inquiry from Parkway requesting a consumer report on Plaintiff, and OFAC product. To the extent paragraph 33 implies that an OFAC product is a consumer report, or that it may be used as a factor in establishing Plaintiff's eligibility for credit, those allegations are denied.

34. NCC admits that it integrates with Parkway Ford through the platform provided by RouteOne LLC and delivers its product offerings to Parkway Ford through the platform. NCC admits that it provides certain identity verification and related services to RouteOne LLC, which makes those services available to dealers using the platform. NCC denies that RouteOne LLC is acting as an authorized reseller or a consumer reporting agency with regard to the offering of NCC's products or services. NCC denies the remaining allegations of paragraph 34 of the Complaint.

35. NCC denies the allegations of paragraph 35 of the Complaint.

36. NCC denies the allegations of paragraph 36 of the Complaint.

37. NCC is without sufficient knowledge or information to admit or deny the facts related to Parkway Ford's communications with Plaintiff alleged in paragraph 37 of the Complaint, and therefore denies said allegations. Further, NCC denies any inferences in paragraph 37 that the OFAC product is a consumer report as defined by the FCRA, or that a user is permitted to rely on the OFAC product to make an eligibility determination regarding a consumer.

38. The allegations in paragraph 38 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 38 are contrary to law, they are denied.

39. NCC admits the allegations in paragraph 39 of the Complaint.

40. NCC is without sufficient knowledge or information to admit or deny the allegations in paragraph 40, and therefore denies the allegations in paragraph 40 of the Complaint.

41. NCC is without sufficient knowledge or information to admit or deny the allegations in paragraph 41, and therefore denies the allegations in paragraph 41 of the Complaint.

121262766.1

1    42.    NCC is without sufficient knowledge or information to admit or deny the facts related to drug traffickers, and therefore denies the allegations in paragraph 42 of the Complaint.

3    43.    NCC is without sufficient knowledge or information to admit or deny the allegations referenced in paragraph 43 of the Complaint, and therefore denies said allegations.

5    44.    NCC is without sufficient knowledge or information to admit or deny the allegations in paragraph 44 of the Complaint, and therefore denies said allegations.

7    45.    NCC is without sufficient knowledge or information to admit or deny the allegations in paragraph 45 of the Complaint, and therefore denies said allegations.

9    46.    NCC is without sufficient knowledge or information to admit or deny the allegations in paragraph 46 of the Complaint, and therefore denies said allegations.

11    47.    NCC denies the allegations of paragraph 47 of the Complaint.

12    48.    NCC denies any inferences in paragraph 48 that the OFAC product is a consumer report as defined by the FCRA, or that Parkway Ford was permitted by NCC to use any information returned by NCC in the OFAC product for eligibility purposes. NCC is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 48 of the Complaint, and therefore denies said allegations.

17    49.    NCC is without sufficient knowledge or information to admit or deny the allegations in paragraph 49 of the Complaint, and therefore denies said allegations.

19    50.    NCC is without sufficient knowledge or information to admit or deny the allegations in paragraph 50 of the Complaint, and therefore denies said allegations.

21    51.    NCC is without sufficient knowledge or information to admit or deny the allegations in paragraph 51 of the Complaint, and therefore denies said allegations.

23    52.    NCC is without sufficient knowledge or information to admit or deny the allegations in paragraph 52 of the Complaint relating to a letter sent by Plaintiff, and therefore denies said allegations. NCC states it did not receive a file disclosure request from Plaintiff. Paragraph 52 of the Complaint refers to a document which speaks for itself. To the extent that the allegations in paragraph 52 of the Complaint vary from the contents of the document, they are denied. The remaining allegations in paragraph 52 of the Complaint are denied.

53. NCC states it did not receive a file disclosure request from Plaintiff and therefore, was under no legal obligation to provide a file disclosure to Plaintiff. The remining allegations of paragraph 53 of the Complaint are denied.

54. NCC denies the allegations of paragraph 54 of the Complaint, specifically including any inferences in paragraph 55 that the OFAC product is a consumer report as defined by the FCRA.

**FACTS DEMONSTRATING THAT DEFENDANT WILLFULLY FAILED TO USE REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY OF ITS CONSUMER REPORTS AND TO PROVIDE CONSUMER FILE DISCLOSURES[1]**

55. NCC denies the allegations of paragraph 56 of the Complaint, specifically including any inferences in paragraph 56 that the OFAC product is a consumer report as defined by the FCRA.

56. NCC denies the allegations of paragraph 57 of the Complaint, specifically including any inferences in paragraph 57 that the OFAC product is a consumer report as defined by the FCRA.

57. The allegations in paragraph 58 state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 58 are contrary to law they are denied. Further, NCC denies any inference in paragraph 58 that the OFAC product is a consumer report as defined by the FCRA.

58. The allegations in paragraph 59 state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 59 are contrary to law they are denied. Further, NCC denies any inference in paragraph 59 that the OFAC product is a consumer report as defined by the FCRA.

59. NCC denies allegations in paragraphs 60, including subparts (a) – (g).

60. NCC denies allegations in paragraphs 61.

**CLASS ACTION ALLEGATIONS**

61. NCC admits that Plaintiff purports to bring the claims in the Complain on behalf of various classes defined therein. NCC denies that this matter may be properly maintained against it as a class action or that any putative plaintiff is entitled to relief.

---

[1] NCC includes the headings included in the Complaint for consistency only and without admitting or denying the factual allegations or legal conclusions contained therein.

121262766.1

62. NCC admits that Plaintiff purports to bring claims on behalf of a class. NCC denies that this matter may be properly maintained against it as a class action or that any putative plaintiff is entitled to relief.

63. NCC admits that Plaintiff claims that the numerosity requirement is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. NCC denies that this matter may be properly maintained against it as a class action or that any putative plaintiff is entitled to relief. Except as expressly admitted, NCC denies the allegations in paragraph 64.

64. NCC admits that Plaintiff claims that the commonality requirement is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. NCC denies that this matter may be properly maintained against it as a class action or that any putative plaintiff is entitled to relief. Except as expressly admitted, NCC denies the allegations in paragraph 65.

65. NCC admits that Plaintiff claims that the typicality requirement is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. NCC denies that this matter may be properly maintained against it as a class action or that any putative plaintiff is entitled to relief. Except as expressly admitted, NCC denies the allegations in paragraph 66.

66. NCC admits that Plaintiff claims that the adequacy requirement is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. NCC denies that this matter may be properly maintained against it as a class action or that any putative plaintiff is entitled to relief. Except as expressly admitted, NCC denies the allegations in paragraph 67.

67. NCC admits that Plaintiff purports to bring claims on behalf of a class. NCC denies that this matter may be properly maintained against it as a class action or that any putative plaintiff is entitled to relief. Except as expressly admitted, NCC denies the allegations in paragraph 68.

68. NCC admits that Plaintiff purports to bring claims on behalf of a class. NCC denies that this matter may be properly maintained against it as a class action or that any putative plaintiff is entitled to relief. Except as expressly admitted, NCC denies the allegations in paragraph 69.

69. NCC admits that Plaintiff purports to bring claims on behalf of a class. NCC denies that this matter may be properly maintained against it as a class action or that any putative plaintiff is entitled to relief. Except as expressly admitted, NCC denies the allegations in paragraph 70.

121262766.1

70. NCC admits that Plaintiff purports to bring claims on behalf of a class. NCC denies that this claim may be properly maintained against it as a class action. Further, NCC denies the allegations that the names and addresses of class members are available from NCC's records. Except as expressly admitted, NCC denies the allegations in paragraph 71.

### COUNT I

**15 U.S.C. §1681e(b)**
**On behalf of Plaintiff Individually**
**and on behalf of the Class**

71. In response to paragraph 72 of the Complaint, NCC incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

72. NCC denies allegations in paragraphs 73.

73. NCC denies allegations in paragraphs 74.

74. NCC denies allegations in paragraphs 75.

75. NCC denies allegations in paragraphs 76.

WHEREFORE clause of the Complaint. NCC denies each and every allegation not expressly admitted herein.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE
**(Failure to State a Claim)**

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against NCC and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND AFFIRMATIVE DEFENSE
**(Intervening Superseding Cause)**

Plaintiff's claims fail to the extent Plaintiff's purported damages, which NCC continues to deny, were the result of acts or omission of third persons over whom NCC had neither control nor responsibility.

121262766.1

**THIRD AFFIRMATIVE DEFENSE**
**(Proximate Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others over whom NCC had neither control nor responsibility.

**FOURTH AFFIRMATIVE DEFENSE**
**(Punitive Damages)**

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages.

**FIFTH DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his respective alleged damages.

**SIXTH DEFENSE**
**(Impropriety as a Class Action)**

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

**SEVENTH DEFENSE**
**(Standing)**

The Complaint is barred, in whole or in part, to the extent that Plaintiff and putative class members lack standing.

**EIGHTH DEFENSE**
**(Preclusion)**

Plaintiff's claims are barred, in whole or in part, to the extent the claims made in the Complaint on behalf of putative class members are barred by the doctrine of judicial estoppel,


Case 2:23-cv-00738-BNW    Document 9    Filed 05/17/23    Page 11 of 12

collateral estoppel, and res judicata, including with respect to any related action that are filed or will be filed by Plaintiff against third parties, including but not limited to Parkway Ford, RouteOne, LLC and other related to the facts alleged in the Complaint.

**NINTH DEFENSE**
**(Right to Assert Additional Defenses)**

NCC reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and factual developments in this case.

WHEREFORE, National Credit Center, LLC, requests that the Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding NCC its costs and expenses incurred herein; and (3) awarding NCC such other and further relief as the Court may deem just and proper.

DATED: May 17, 2023

LEWIS ROCA ROTHGERBER CHRISTIE LLP

/s/ *J Christopher Jorgensen*
J Christopher Jorgensen, Esq.
Nevada Bar No.: 5382
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169
cjorgensen@lewisroca.com

Jennifer L. Sarvadi *(pro hac vice forthcoming)*
HUDSON COOK LLP
1909 K Street NW, 4th Floor
Washington, DC 20006
Tel: (202) 223-6930
jsarvadi@hudco.com

*Attorneys for Defendant*
*National Credit Center, LLC*


- 11 -

121262766.1

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered CM/ECH participants.

/s/ Annette Jaramillo
An Employee of Lewis Roca
Rothgerber Christie LLP

121262766.1