Robert T. Eglet, Bar No. 3402
Richard K. Hy, Bar No. 12406
EGLET ADAMS
400 S. Seventh Street, Suite 400
Las Vegas, NV 89101
T. 702.450.5400; F. 702.450.5451
eservice@egletlaw.com

Additional Counsel Listed on Signature Page

*Attorneys for Plaintiff*

J Christopher Jorgensen, Bar No. 5382
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
T. 702.949.8200
cjorgensen@lewisroca.com

Additional Counsel Listed on Signature Page

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ANGEL LUIS RODRIGUEZ, JR., individually and as a representative of the class,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT CENTER, LLC,<br><br>Defendant. | Case No.: 2:23-cv-00738-RB-BNW<br><br>**STIPULATION TO REMAND** |

1

Plaintiff Angel Luis Rodriguez, Jr. ("Plaintiff") and Defendant National Credit Center, LLC ("Defendant" or "NCC") (together with Plaintiff, the "Parties"), stipulate and agree as follows:

1. On April 14, 2023, Plaintiff filed his class action Complaint with the District Court, Clark County, Nevada, alleging claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). (*See* ECF No. 1-2.)

2. On May 10, 2023, Defendant removed the action to this Court, stating this Court has "federal question jurisdiction" under 28 U.S.C. § 1331 because Plaintiff presents federal questions by alleging violations of the FCRA. (ECF No. 1 ¶ 5.)

3. On May 7, 2023, Defendant filed its Answer. (ECF No. 9.)

4. NCC reserved its right to attack the merits of Plaintiff and/or class members' Article III standing. (ECF No. 9 at p.10, ECF No. 32-2.) Plaintiff filed a Motion to Remand (ECF No. 32) challenging the appropriateness of removal by NCC on jurisdictional grounds, which NCC opposed (ECF No. 33).

5. In the following months, the Parties continued to engage in discovery, and also participated in two full-day mediation sessions with third-party neutral Rodney Max, on October 27, 2023 and December 11, 2023. The Parties' negotiations were productive, and, at the December 11 mediation, the Parties agreed to participate in a third mediation with Mr. Max in January 2024.

6. On December 14, 2023, Plaintiff withdrew his Motion to Remand. (ECF No. 35.)

7. On January 12, 2024, the Parties participated in their third mediation with Mr. Max, and reached a settlement in principle to resolve all claims in this matter on a class basis.

8. As a term of the Parties' settlement, the Parties have agreed to remand this action back to the Eighth Judicial District Court in Clark County.

9. The Parties agreed to this condition in part to resolve, for the purposes of settlement only, disputed claims including as to whether Plaintiff and the absent class members can satisfy this Court that they all have Article III standing. Article III jurisdiction cannot be waived by agreement, and it can be raised at any time, including when the court analyzes the appropriateness of class member relief and post-judgment. *See TransUnion LLC v Ramirez*, 594 U.S. 413, 431 (2021); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011).

10. The Parties have settled the claims in this case in order to achieve finality and certainty. To achieve such finality and certainty, the Parties therefore wish to finalize their settlement in a court where no jurisdictional questions have been raised, and, given that Article III standing can be raised at any time, a court where no jurisdictional questions can be raised in the future. *See e.g., Steven v. Carlos Lopez & Assocs., LLC*, 422 F. Supp. 3d 801, 803 (S.D.N.Y. 2019) ("[A]lthough the parties have reached a settlement — and, in light of that settlement, Defendants have apparently agreed not to press their arguments about standing (despite remaining of the view that Plaintiffs do not actually have standing) — the Court is not free to stick its head in the sand. Instead, it must confirm for itself that Plaintiffs have standing. The Court concludes that they do not.") (citation to record omitted) (denying plaintiffs' unopposed motion to approve parties' class action settlement agreement); *Jones v. Salvation Army*, No. 3:18-CV-804-J-32JRK, 2019 WL 6051437, at *13 (M.D. Fla. Nov. 15, 2019) (denying joint motion for preliminary approval of class action settlement where court concluded that plaintiff lacked standing to bring claims on behalf of one of the proposed classes); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 921 (11th Cir. 2020) (vacating district court's order finally approving class action settlement and remanding with instructions to dismiss where objectors argued that, in light of recent Supreme Court decision, plaintiff lacked standing and, therefore, district court lacked jurisdiction over the case).

11. Concerns regarding Article III standing do not apply in state court. *See, e.g., Stockmeier v. Nevada Dep't of Corr. Psychological Rev. Panel*, 135 P.3d 220, 225 (Nev. 2006) ("State courts need not become enmeshed in the federal complexities and technicalities involving standing and are free to reject procedural frustrations in favor of just and expeditious determination on the ultimate merits.") (internal quotation omitted); *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("We have recognized often that the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute.").

12. The Parties wish to avoid protracted and unnecessary litigation in this matter.

13. In light of these legitimate concerns, the Parties have agreed, for the purposes of settlement only, that remanding to state court is the best, and most efficient, path forward. Federal courts—including this one—routinely grant requests to remand for settlement purposes in similar circumstances. *See Nesbitt*

3

*v. Postmates Inc.*, No. 3:15-cv-4052-VC, ECF No. 68 (N.D. Cal. Feb. 22, 2017) (granting stipulation to remand for settlement approval purposes, where parties explained that they "wish[ed] to endeavor, for the efficiency of the Parties, the Court, and putative class members to limit, to the extent possible and practicable, the potential for protracted litigation as to whether Plaintiffs have Article III standing to pursue their claims, and as to whether this Court could validly approve their settlement."). *Sheppard v. Mandalay Bay, LLC*, No. 218CV01120RFBVCF, 2019 WL 5087482, at *1 (D. Nev. Oct. 9, 2019) (Boulware, J.) (where defendants had removed on the basis of federal question jurisdiction, granting parties' stipulation to remand, after parties had reached a settlement agreement, "to facilitate and advance the settlement process"); *Devore v. BWW Res., LLC*, No. 2:21-CV-01586-KJM AC, 2022 WL 2354771, at *1 (E.D. Cal. June 30, 2022) (granting parties' stipulation to remand "for settlement purposes and settlement approval purposes only"); *Dunn v. SHC Servs., Inc.*, No. 121CV00744NONESAB, 2021 WL 5371426, at *1 (E.D. Cal. Nov. 18, 2021) (granting "Stipulation to remand this Action to state court for the purposes of settlement only"); *Strange v. MDR Grp., LLC*, No. 219CV00135TLNCKD, 2020 WL 7587076, at *1 (E.D. Cal. Dec. 22, 2020) (granting parties' stipulation to remand, following having reached a class action settlement, for settlement purposes only where the parties "agreed that the settlement is more appropriately resolved in the Superior Court of California, County of Sacramento"); *Velez v. CoWorx Staffing Servs. LLC*, No. 518CV00651SJOKSX, 2018 WL 4553552, at *1 (C.D. Cal. Sept. 19, 2018) (granting parties' stipulation to remand lawsuit "for purposes of settlement approval and administration"). The Parties stipulate and respectfully request that the Court do the same here.[1]

---

[1] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938) is inapplicable here. In that case, plaintiff filed a complaint in state court demanding $4,000, after which defendant timely removed to federal court. *Id.* at 284-85. Plaintiff thereafter amended its complaint, still demanding $4,000 but attaching an exhibit indicating that its damages might have been less than $3,000—which, at the time, was the minimum amount in controversy required to warrant federal jurisdiction. *Id.* at 285-86. After judgment was entered for plaintiff (in an amount less than $3,000), defendant appealed. *Id.* at 285. The Circuit Court of Appeals, however, "refused to decide the merits on the ground that as the record showed respondent's claim did not equal the amount necessary to give the District Court jurisdiction, the case should have been remanded to the State court." *Id.* The Supreme Court reversed and remanded for further proceedings, concluding that "though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *Id.* at 292. This rationale does not apply here, where the Parties jointly seek to remand to present a settlement for approval.

4

14. Accordingly, the Parties stipulate and respectfully request that the Court remand this action to the court from which it was removed: the Eighth Judicial District Court in Clark County, Nevada, Department 16, Judge Timothy Williams, presiding.

Dated: February 16, 2024

/s/E. Michelle Drake
E. Michelle Drake,
MN Bar No. 0387366*
John G. Albanese,
MN Bar No. 0395882*
Ariana B. Kiener,
MN Bar No. 0402365*
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
Fax: (612) 584-4470
emdrake@bm.net
jalbanese@bm.net
akiener@bm.net
*pro hac vice*

Zachary M. Vaughan,
DC Bar No. 1009197*
BERGER MONTAGUE PC
2001 Pennsylvania Ave NW, Suite 300
Washington, D.C. 20006
Tel: (202) 559-9740
zvaughan@bm.net
*pro hac vice*

Robert T. Eglet, Bar No. 3402
Richard K. Hy, Bar No. 12406
EGLET ADAMS
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Tel: (702) 450-5400
Fax: (702) 450-5451
eservice@egletlaw.com

*Attorneys for Plaintiff*

/s/Jennifer L. Sarvadi
J Christopher Jorgensen, Bar No. 5382
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy., Suite 600

5

|   |   |
|---|---|
| 1 | Las Vegas, NV 89169 |
| 2 | T. 702.949.8200 |
|   | cjorgensen@lewisroca.com |
| 3 | Jennifer L. Sarvadi* |
| 4 | Julia K. Whitelock* |
|   | HUDSON COOK, LLP |
| 5 | 1909 K Street NW, 4th Floor |
|   | Washington, DC 20006 |
| 6 | T. 202.223.6930 |
| 7 | jsarvadi@hudco.com |
|   | jwhitelock@hudco.com |
| 8 | *pro hac vice |

*Attorneys for Defendant*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 3, 2024